# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**UNITED STATES OF AMERICA**

-vs-                                              **Case Number: 2:05-cr-121-FtM-29DNF**

**EDWARD M. HAMMOND**

                                                 **USM Number: 10525-026**

                                                 Frank Zaremba, FPD
                                                 1514 Broadway
                                                 Fort Myers, Florida 33901

---

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Probation or Supervised Release

The defendant admitted guilt to violation charge number(s) of the term of supervision.  The defendant is adjudicated guilty of these violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | New conviction for conduct: Attempted Robbery (No Weapon) | October 19, 2005 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

9/14/2007

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

September _14_,2007

EDWARD M. HAMMOND
2:05-cr-121-FtM-29DNF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **6 Months**.

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

EDWARD M. HAMMOND
2:05-cr-121-FtM-29DNF

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **12 Months**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court authorizes random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.    The defendant shall support his or her dependents and meet other family responsibilities;

5.    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.    The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

AO 245B (Rev. 6/05) Judgment in a Criminal Case

EDWARD M. HAMMOND
2:05-cr-121-FtM-29DNF

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EDWARD M. HAMMOND
2:05-cr-121-FtM-29DNF

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.   As a Special Condition of Supervised Release, the defendant shall serve 6 Months in a halfway house, abiding by all terms and conditions, to include random drug testing.

2.   The defendant shall participate in a mental health treatment program, specifically in the area of anger management, and follow the probation officer's instructions regarding the implementation of this condition.  Further, the defendant shall be required to contribute to the costs of services for such treatment in an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.   The defendant shall refrain from any unlawful use of a controlled substance, and shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.  Based on the Court's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.